# STATE OF FLORIDA v HARMOR

## Case No. 89-14016-AC-A (County Court Case No. 89-21722/23-QS)

Eighteenth Judicial Circuit, Brevard County

March 19, 1990

### APPEARANCES OF COUNSEL

**Craig Rappel, Esquire,** Assistant State Attorney, for appellant.

**James E. Cody, Esquire,** for appellee.

Before MOXLEY, JAMIESON, RICHARDSON, JJ.

### OPINION OF THE COURT

EDWARD J. RICHARDSON, Circuit Judge.

The lower court granted the Defendant's Motion For Discharge based upon speedy trial grounds. The lower Court held that speedy trial is a substantive right and that the rule in effect at the time of the offense should govern the Defendant's right to a speedy trial.

Florida's Speedy Trial rule, as amended effective July 1, 1989, no longer provides for automatic discharge. The amended Speedy Trial rule applies equally to both felony and misdemeanor cases. Re: *Amendment to Florida Rule of Criminal Procedure,* 3.191 (Speedy Trial), 14 FLW 240 (Fla. 1989).

The Speedy Trial rule is procedural in nature, thus the rule in effect at the time of the proceeding dictates the result. The Motion For Discharge is the "operative event" which determines which version of the speedy trial rule applies. In the instant case, the subject Motion For Discharge was filed *after* the effective date of the rule change (7/1/89). Therefore, it was error for the lower Court to grant the Motion For Discharge without first affording the State the opportunity to bring the Defendant to trial within the time prescribed by the Rule.

REVERSED and REMANDED for trial in accordance with Rule 3.191, as amended.

MOXLEY, John Jr., JAMIESON, Frances Ann, RICHARDSON, Edward J., Judges, concur.